# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 22, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DIANE ROEDER, *  | * | Unpublished |
| *on behalf of M.M.R.* | * | |
|       Petitioner, | * | No. 19-1897V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal Decision; Human |
| AND HUMAN SERVICES, | * | papillomavirus vaccine ("HPV"); |
| | * | Postural Orthostatic tachycardia |
|       Respondent. | * | syndrome ("POTS"). |
| * * * * * * * * * * * * * | | |

*Paul A. Green,* Law Office of Paul Green, Pasadena, CA, for petitioner.
*Parisa Tabassian,* Dept. of Justice, Washington, D.C., for respondent.

## DECISION DIMISSING PETITION[1]

On December 13, 2019, Diane Roeder, on behalf of M.M.R. ("petitioner"), filed a petition in the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that as a result of M.M.R. receiving the human papillomavirus vaccines ("HPV") on May 14, 2015, August 17, 2016 and December 15, 2016, she suffered from postural orthostatic tachycardia syndrome ("POTS"), among other injuries. Petition at Preamble (ECF No. 1). Petitioner filed medical records and two expert reports. Petitioner ("Pet.") Exhibits ("Ex.") 13 & 39. Respondent filed a Rule 4(c) report on October 4, 2021 recommending against compensation. Respondent's ("Resp.") Report ("Rept.") (ECF No. 29). Respondent also filed expert reports from Dr. MacGinnitie and Dr. Olshansky. Resp. Exs. A & C. After a Rule 5 status conference held on January 13, 2022, petitioner filed a status report stating that she "chooses to leave the Program following entry of judgment pursuant to a final Decision by the special master pursuant to 42 U.S.C. § 300aa-12(d)(3)(A)." Pet. Status Rept. (ECF No. 37).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended at 42 U.S.C. §§300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. §300aa of the Act.

Further, petitioner stated that she will "then file her election to reject the judgment, pursuant to Vaccine Rule 12 and § 300aa-21(a)(2), and file a civil action for damages for her injuries." *Id.*

A petitioner must establish entitlement to compensation in the Vaccine Program through one of two ways. The first way is to establish that he or she suffered a "Table injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in the vaccinee. § 300aa-13(a)(1)(A). To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). An examination of the record did not uncover any evidence that M.M.R. suffered a Table injury. Further, the information in the record indicates that there is insufficient evidence presented at this time to justify an award. Accordingly, in light of petitioner's status report requesting a decision dismissing her petition, a further investigation is unwarranted. As such, the petition is hereby, **DISMISSED.**

**This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).